# Charles H. TenEyck

### v.

# Nathaniel Harris.

1. Carriers—*of evidence of delivery to the proper person.* Where a person professing to be the consignee of a money package, is identified to the satisfaction of the person charged with the delivery by a trustworthy person, as the proper consignee, about the time it may reasonably be expected such consignee will call for such a package, and tells the person delivering to write his name in the receipt book: *Held,* that proof of these facts was sufficient to raise a presumption of a proper delivery to the true consignee, which the consignor, in an action against the carrier, must meet by a preponderance of testimony.

2. Declarations—*whether admissible.* In an action by a consignor against a carrier, for non-delivery of a money package to the consignee, the declarations of the consignee in respect to facts going to show the package was not delivered, made after the time when the carrier has shown, *prima facie,* it was delivered, are not admissible on behalf of the plaintiff.

3. Competency of witnesses—*wife competent to testify in behalf of husband.* In such an action, the consignee being the wife of the consignor, the plaintiff, she is a competent witness in his behalf, to prove whether she received the package or not.

4. Instructions—*if calculated to mislead on the evidence.* An instruction, which, though true as an abstract proposition of law, would, upon the evidence before the jury, mislead them, is erroneous.

5. So an instruction which says that, though it is incumbent on plaintiff to prove the non-delivery of a money package to the consignee by some evidence, and then adds that slight evidence may suffice in a case where the question of liability turns upon the preponderance of evidence—such an instruction is erroneous.

Appeal from the Circuit Court of Morgan county; the Hon. D. M. Woodson, Judge, presiding.

The facts of the case are sufficiently stated in the opinion of the court.

The fourth instruction for the plaintiff, the giving of which was assigned as error, and which the court held to be good, is as follows:

"If the jury believe from the evidence, that the plaintiff, through the witness Knapp, demanded of the defendant, or his agent, the money in controversy, in June, 1865, and that the defendant, or his agent, failed or refused to pay the same on such demand, then such failure and refusal are *prima facie* proof of the plaintiff's allegation of the non-delivery of said money, provided, they also believe from the evidence that the defendant received said money as a common carrier, and contracted with the plaintiff to deliver it to Mrs. Mary C. Harris, wife of the plaintiff, and that he has not delivered it to Mary C., or any person authorized by her to receive it."

Messrs. ATKINS & KETCHAM, for the appellant.

Messrs. ROBINSON & KNAPP, for the appellee.

HARVARD
LAW SCHOOL
LIBRARY.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee against appellant, in the Morgan Circuit Court. A recovery was sought upon a breach of contract in failing to safely carry and deliver a package containing $350, to Mrs. Mary C. Harris, at Whitehall, Illinois. It appears that appellant received the package at Jacksonville, and gave his receipt for the same, and by it he agreed to deliver the same to Mrs. Harris. The package was addressed to her at Whitehall. It appears that the money was sent about the 15th or 16th of March, 1865, and was received by appellant's agent at Whitehall. Knapp testifies that about the first of June following, Mrs. Harris presented the receipt to him, asking him to advance her $50, and to get the money from the express office and retain the balance until she should need it. He advanced

the money, took an assignment of the receipt and sent it to Whitehall to procure the package, but the messenger failed to obtain it. He, a few days afterward, went himself with the receipt.

The agent, on the presentation of the receipt, examined the books and stated that it had been received, but had been delivered on the 20th of March, 1865, and Mrs. Harris' name was written in the receipt book. The agent claimed that a woman had called for the package and had been identified as Mrs. Harris, and that it had been delivered to her.

The evidence of the agent and three other witnesses is clear that the package was delivered to a woman who called for it, representing herself as Mary C. Harris, and that she had identified herself as that person by a man whose name the witnesses did not remember. The whole controversy turns upon the question, whether the person who drew the money was Mrs. Harris or some other person. That was a question for the jury, under proper evidence and instructions.

It is insisted, that the declarations of Mrs. Harris, testified to by different witnesses, were inadmissible. We think the court erred in permitting evidence to be given of her statements about expecting to get money of Cummings. Also, as to her statements that she had, about the first of April, 1865, procured Brunell to go to Whitehall, to see if she could get the money she was expecting from her husband. These statements seem to have been made subsequent to the time it is claimed that the money was delivered to her. Not only so, but they were not a part of the *res gestæ.* To permit the introduction of such evidence would enable parties to manufacture it, when they might have an end to accomplish. Again, Mrs. Harris was a competent witness, and could have testified to the facts themselves, without resorting to declarations, perhaps incorrectly understood and imperfectly remembered by the witness.

Again, the court refused to give appellant's fourth instruction. It announces a correct principle, and should have been given, had the term, " satisfactory evidence," in the last clause, been changed to a " preponderance of evidence." When the woman presented herself, claiming to be the consignee, if she was identified to be such by a known and trustworthy person, and the money was in good faith delivered to her, the pre- sumption of a proper delivery should be overcome by a pre- ponderance of evidence. The consignee must have known that the money would be sent to her in that mode, and the evi- dence shows that she was expecting it about the time it came. And when a person, claiming to be the consignee, called for it and had herself identified as the proper person to receive it, by a trustworthy person, it must raise a presumption that it was properly delivered, and that presumption must be over- come by preponderating evidence.

It is also urged that the second instruction given for appel- lee was erroneous, and misled the jury. It is this :

" That while it is incumbent upon the plaintiff to show by some evidence that the package named in the declaration was not delivered according to the contract of bailment, yet very slight evidence may suffice to sustain the averment in the declaration that it was not so delivered."

While this may be true as an abstract proposition, we think it was calculated to mislead in this case. The fact that appel- lee held the receipt of appellant, was evidence of non-delivery. But when they introduced evidence of delivery, and it was strong that the package was delivered to some one claiming to be the consignee, it then became a question of identity to be determined by the weight of evidence, precisely as the question of identity in any other case. If the jury regarded the evidence strong that the agent of appellee had delivered the package to Mrs. Harris, and they were the judges of the weight of the testimony, then such evidence would have to be overcome by stronger testimony. In such a case slight

evidence would not be sufficient, and yet the jury might have understood this instruction as asserting that it would, and such seems to be the import of the language. Although slight evidence may have been sufficient in the first instance to raise a presumption that there had not been a delivery, yet, where a delivery was proved to have been made, to a person claiming to be the consignee, and if the evidence strongly tended to prove that it was properly delivered, then a different question is presented, and it must be determined upon the weight of evidence. This instruction should have been modified before it was given.

Upon referring to the transcript of the record, we do not perceive that the objection urged against appellee's fourth instruction exists in fact. As this instruction appears in the transcript of the record, we discover no objection to it, and we must, therefore, hold that it was properly given. For the reasons above given, however, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*